IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
EASTERN DIVISION

RICHARD ROBINSON, an individual

                Plaintiff,
                In Pro Se

-v.-

                Defendants,

BOARD OF TRUSTEES OF JACKSON COLLEGE
JACKSON COLLEGE
JACKSON COMMUNITY COLLEGE

**COMPLAINT AND JURY DEMAND**

Civil Action No:
Hon.

---

## COMPLAINT

## **INTRODUCTION**

1.    Plaintiff, Richard Robinson, brings this claim under the Civil Rights Act Section 1981: 42 U.S.C. § 1981 for but because of my race I was a victim of intentional racial discrimination by the Defendants, which deprived me of a commensurate salary, medical benefits, fringe benefits and retirement benefits.

1

2.      Plaintiff brings this claim under the Patient Protection and Affordable Care Act Public Law 111-148 for I was a victim under this law by Defendants, which deprived me of medical benefits.

3.      As set forth in this Complaint, the acts, orders, policies, practices, customs, and procedures of Defendants were the cause of, and the moving force behind, the constitutional violations in this case. Plaintiff's race was a "but for" cause of my injuries.

4.      Plaintiff seeks a judgment awarding back pay, compensatory damages, damages for emotional distress, damages for emotional pain, damages for mental suffering and distress, punitive damages, and exemplary damages for the intentional discrimination inflicted upon Plaintiff by Defendants due to my race and violation of the Patient Protection and Affordable Care Act Public Law 111-148.

## JURISDICTION AND VENUE

5.      This action arises under the Constitution and laws of the United States. Jurisdiction is conferred on this court pursuant to 28 U.S.C. § 1331 and 1343, as well as under 42 U.S.C. § 1981.

6.     This Court has jurisdiction over this matter under 42 U.S.C.s. 1343(a) and 1367(a).

7.     Plaintiffs' claims for damages are authorized under 42 U.S.C. § 1981.

8.     Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

9.     This Court has personal jurisdiction over Plaintiff and Defendants as residents of, entities of, and officials of, the State of Michigan.

## PARTIES

10.    Plaintiff, Richard Robinson, is an African American resident of the City of Lansing, Michigan.

11.    The Defendants, Board of Trustees of Jackson College, Jackson Community College, and Jackson College are higher education institutions located in Jackson, Michigan.

3

## STATEMENT OF FACTS

12.    On January 4, 2017, Plaintiff in pursuit of teaching opportunities at Jackson College, signed the Oath of Teachers. The oath was administered at Jackson College by Heather Weatherwax, an employee of Defendants' who signed the document as the notary public. (Exhibit 1)

13.    The Michigan Oath of Teachers Act 23 of 1935 states that, "the oath required by this section shall be notarized and transmitted to the superintendent of public instruction, who shall file it in his office, where it shall be subject to public inspection. It shall be unlawful for an officer, person or board having control of the employment, dismissal or suspension of teachers, instructors or professors in any such educational institution, junior college, college or university to permit a person to serve in any such capacity therein in violation of the provisions of this section." (Exhibit 2)

14.    January 14, 2017 – Edustaff application completed: Plaintiff completed an application with Edustaff, Defendants' labor broker that supplies Adjunct instructors.

15.    April 27, 2017 - College Oath and Edustaff hiring process required: Suzanne Long Kiess the Accounting Department Chair, and the Dean completed Plaintiff's

4

Adjunct Instructor Approval Form that indicated the classes he was qualified to teach.

> On the form it says, "New adjunct instructors must also complete a College Oath card and the EDUStaff hiring process. Contact Human Resources for details."

16.    Defendants' Adjunct Instructor Manual states, "the college limits assignments of adjuncts to teaching assignments to no more that nine (9) contact hours per semester." (Exhibit 3)

17.    Before the start of the Winter 2019 semester, I was scheduled to teach four accounting classes with each class being 4 credit hours.  However, the Dean of the Business School, Dennis Baskin, took a class away from me as indicated in the email below that I received on January 11, 2019, from Suzanne Long-Kiess, the Accounting Department Chair.  (Exhibit 4)

> "Due to federal law and related college policy the semester limit for adjuncts is 9 credit hours. Permission can be granted to exceed 9 credit hours at the recommendation of the program coordinator and final approval of the supervising dean. We have achieved this for you at 12 credit hours for the Winter 2019 semester."
>
> "Teaching 4 accounting courses puts you at 16 credit hours, which the college considers overtime, beyond full time and not allowable."

18. However, Dennis Baskin changed his position and allowed me to teach the class in the Winter 2019 semester, which meant I taught four accounting classes that were 4 credits hours each, for a total of 16 credit hours which per Suzanne Long-Kiess, the Accounting Department Chair, the college considered overtime, beyond full-time and not allowable. The classes Plaintiff taught in the Winter 2019 semester are below: (Exhibit 6)

| Semester | Credit Hours | Class |
|---|---|---|
| Winter 2019 | ACC-231-PW1 | 4 |
| | ACC-232-PP1 | 4 |
| | ACC-216-PG1 | 4 |
| | ACC-232-PO2 | 4 |
| | | 16 |

19. Plaintiff was considered an Adjunct employee of Edustaff and received Adjunct pay without any benefits from Defendants.

20. Defendants knew, as stated in the 2016-2019 Agreement between Jackson College and the JCC Faculty Association (JCCFA), that Plaintiff was teaching a full load in the Winter 2019 semester and that he should have been classified as a Temporary Employee that was eligible for a commensurate salary, retirement benefits, and medical benefits, as well as all afforded fringe benefits per the 2016-2019 Agreement between Jackson College and the JCC Faculty Association (JCCFA). (Exhibit 7)

21.     In the Winter 2019 semester, Plaintiff taught more credit hours than his white colleague Suzanne Long-Kiess, the Accounting Department Chair who received compensation and benefits per the 2016-2019 Agreement between Jackson College and the JCC Faculty Association (JCCFA). Yet, Plaintiff was paid as an adjunct and did not receive a commensurate salary and associated medical benefits, in violation of the above-named agreement and the Affordable Care Act.

22.     In the Winter 2019 semester, Plaintiff taught more credit hours than his white colleague F. Paul Lacinski, who as a Temporary Instructor received compensation and benefits per the 2016-2019 Agreement between Jackson College and the JCC Faculty Association (JCCFA). Yet, Plaintiff was paid as an adjunct and did not receive a commensurate salary and associated medical benefits, in violation of the above-named agreement and the Affordable Care Act.

23.     In the Winter 2019 semester, Plaintiff taught more credit hours than his white colleague Ryan Vanier who as a Temporary Instructor taught in the Spring 2019 semester and received compensation and benefits per the 2016-2019 Agreement between Jackson College and the JCC Faculty Association (JCCFA). Yet, Plaintiff was paid as an adjunct and did not receive a commensurate salary and associated

medical benefits, in violation of the above-named agreement and the Affordable Care Act.

## COUNT I

24.    Plaintiffs hereby incorporate by reference paragraphs 1 through 23 as if fully restated herein.

25.    This claim is being made against all Defendants pursuant to 42 U.S.C. § 1981 and the Affordable Care Act.

26.    Contrary to the treatment given to Suzanne Long-Kiess, who is white, if not for Plaintiff being black, Defendants would have hired Plaintiff as a faculty member and paid him a commensurate salary with medical and retirement benefits per the 2016-2019 Agreement between Jackson College and the JCC Faculty Association (JCCFA). A comparison of the Winter 2019 semester compensation and benefits Suzanne Long-Kiess received from Jackson College to that received by Plaintiff from Jackson College is below:

| | Salary | Insurance | Retirement |
|---|---|---|---|
| Suzanne Long-Kiess | $39,705.04-A | $3,531.39-B | $5,468.99-C |
| Richard Robinson | (12,510.00) | 0.00 | 0.00 |
| Excess | $27,195.04 | $3,531.39 | $5,468.99 |
| Grand Total | $36,195.42 | | |

8

Note A: Total FY 2019 salary was $100,586.11 and the total FY2019 contact hours was 38. She taught 19 contact hours in Fall 2018, 15 contact hours in Winter 2019 and 4 contact hours Spring 2019. Thus, the Winter 2019 salary = (15/38 = .3947). (.3947 * $100,586.11 = $39,705.04)

Note B: FY 2019 Insurance total $8946.21*.3947 = Winter 2019 semester Insurance amount of $3,531.39

Note C: FY 2019 Retirement total $13,856.09*.3947 = Winter 2019 semester Insurance amount of $5,468.99

## COUNT II

27.     Plaintiffs hereby incorporate by reference paragraphs 1 through 26 as if fully restated herein.

28.     This claim is being made against all Defendants pursuant to 42 U.S.C. § 1981 and the Affordable Care Act.

29.     Contrary to the treatment given to F. Paul Lacinski, who is white, if not for Plaintiff being black, Defendants would have hired Plaintiff as a Temporary Instructor and paid him a commensurate salary with medical and retirement benefits per the 2016-2019 Agreement between Jackson College and the JCC Faculty Association (JCCFA).  A comparison of the Winter 2019 semester compensation

and benefits F. Paul Lacinski received from Jackson College to that received by Plaintiff from Jackson College is below:

|  | Salary | Insurance | Retirement |
|---|---|---|---|
| F Paul Lacinski | $23,928.92-A | $7,036.96-B | $7,228.84-C |
| Richard Robinson | (12,510.00) | 0.00 | 0.00 |
| Excess | $11,418.92 | $7,036.96 | $7,228.84 |
| Grand Total | $25,684.72 | | |

Note A: Total FY 2019 salary was $54,124.94. He taught 12.25 credit hours in Fall 2018, 10.5 credit hours in Winter 2019 and 1 credit hour Spring 2019. Thus, the Winter 2019 salary = (10.5/23.75 = .4421). .4421 * $54,124.94 = $23,928.92

Note B: FY 2019 Insurance total $15,917.13*.4421 = Winter 2019 semester Insurance amount of $7,036.96

Note C: FY 2019 Retirement total $16,351.16*.4421 = Winter 2019 semester Insurance amount of $7,228.84

## COUNT III

30.    Plaintiffs hereby incorporate by reference paragraphs 1 through 29 as if fully restated herein.

31.    This claim is being made against all Defendants pursuant to 42 U.S.C. § 1981 and the Affordable Care act.

32.     Contrary to the treatment given to Ryan Vannier, who is white, if not for

Plaintiff being black, Defendants would have hired Plaintiff as a Temporary

Instructor and paid him a commensurate salary with medical and retirement benefits

per the 2016-2019 Agreement between Jackson College and the JCC Faculty

Association (JCCFA).  A comparison of the Winter 2019 semester compensation

and benefits Ryan Vannier received from Jackson College to that received by

Plaintiff from Jackson College is below:

|  | Salary | Insurance | Retirement |
| --- | --- | --- | --- |
| Ryan Vannier | $24,589.24-A | $8,508.61 | $6,646.49 |
| Richard Robinson | (12,510.00) | 0.00 | 0.00 |
| Excess to Vannier | $12,079.24 | $8,508.61 | $6,646.49 |
| Grand Total | $27,234.34 | | |

Note A: Total Winter 2019 semester salary was $24,589.24. He only taught in the
Winter 2019 semester, thus the insurance and retirement amounts reflect the service
given solely during the Winter 2019 semester.

33.     In the aggregate, because Plaintiff is black Defendants intentionally

discriminated against him under Section 1981: 42 U.S.C. § 1981 by paying the above

mentioned white teachers $89,114.48 more because of them being Caucasian.

34.     Defendants willfully and intentionally violated the Affordable Care Act by

not providing Plaintiff with medical coverage when Defendants knew that Plaintiff

qualified as a full-time Temporary Instructor in the Winter 2019 semester. As

Plaintiff worked not only thirty (30) hours per week as required to be full-time to

receive health insurance by the Affordable Health Care Act, but Plaintiff worked

thirty-six hours per week as computed in the: DEPARTMENT OF THE

TREASURY Internal Revenue Service 26 CFR Parts 1, 54, and 301 [TD 9655] RIN

1545–BL33 Shared Responsibility for Employers Regarding Health Coverage

AGENCY: VI. Hours of Service.

35.     In violation of Section 1981: 42 U.S.C. § 1981 but not for Plaintiffs race, being

black, Defendants intentionally discriminated against Plaintiff by not paying him the

commensurate salary based on his education per the salary schedule in Appendix A

of the contract, which said amount would have been $32,965 ($65,913/2 = $32,965)

for the Winter 2019 semester. (Exhibit 7-5)

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request this Honorable Court:

A. Enter an order that Defendants have violated Plaintiffs constitutional
rights.

B. Enter an order on Count I, Count II and Count III for damages of back pay, compensatory damages, damages for emotional distress, damages for emotional pain, damages for mental suffering and distress, punitive damages, and exemplary damages for the intentional discrimination inflicted upon Plaintiff.

C. Enter an order for any and all damages available under federal law as applicable, including, but not limited to, an award for nominal and punitive damages.

D. Award Plaintiff reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988, and other applicable law.

E. Grant such other and further relief as is just and appropriate.

## JURY DEMAND

Plaintiff hereby demand a trial by jury.

Dated: May 19, 2023    _Richard Rob_    5/19/2023

Richard Robinson
215 N. Canal Lot 129
Lansing, MI 48917
Phone: 517-974-3557
Email: rickrob1212@gmail.com

## COLLEGE OATH

STATE OF MICHIGAN
County of Jackson} **ss.**

I do solemnly swear (or affirm) that I will support the Constitution of the United States of America and the Constitution of the State of Michigan, and that I will faithfully discharge the duties of my position, according to the best of my ability.

_____
Signature

Subscribed and sworn to before me this _5th_ day of _January_____, 2017.

_Melissa G. Weatherwax_
Melissa G. Weatherwax

My commission expires August 13, 2021

Acting in Jackson County.

## OATH OF TEACHERS
### Act 23 of 1935

AN ACT to require all teachers, instructors and professors in educational institutions, junior colleges, colleges and universities to take and subscribe an oath or affirmation to support the constitution of the United States and the constitution of the state of Michigan, to provide the manner for the taking of such oath or affirmation, and to repeal all acts or parts of acts in conflict with the provisions of this act.

**History:** 1935, Act 23, Imd. Eff. Apr. 19, 1935;—Am. 1939, Act 55, Eff. Sept. 29, 1939.

*The People of the State of Michigan enact:*

### 388.401 Oath of college faculty members; filing.

Sec. 1. From and after September 1, 1935, it shall be unlawful for any citizen of the United States to serve as a teacher, instructor or professor in any state educational institution or any educational institution supported in whole or in part by public funds, or in any junior college, college or university of this state or any junior college, college or university whose property, or any part thereof, is exempt from taxation unless and until he or she shall have taken and subscribed the following oath or affirmation:

"I do solemnly swear (or affirm) that I will support the constitution of the United States of America and the constitution of the state of Michigan, and that I will faithfully discharge the duties of my position, according to the best of my ability."

The oath required by this section shall be notarized and transmitted to the superintendent of public instruction, who shall file it in his office, where it shall be subject to public inspection. It shall be unlawful for an officer, person or board having control of the employment, dismissal or suspension of teachers, instructors or professors in any such educational institution, junior college, college or university to permit a person to serve in any such capacity therein in violation of the provisions of this section. This section shall not be construed to require a person to take such oath more than once during the time he or she is employed in the educational institutions in this state, though there be a change in the title or duties of the position: Provided, however, That this requirement shall not be construed as prohibiting such officer, person or board from employing for limited periods instructors or lecturers who are citizens of foreign countries.

**History:** 1935, Act 23, Imd. Eff. Apr. 19, 1935;—Am. 1939, Act 55, Eff. Sept. 29, 1939;—CL 1948, 388.401.

### 388.402 Unlawful employment; penalties.

Sec. 2. Any educational institution, junior college, college or university which shall employ any such person in violation of the terms of this act shall, during the continuance of such unlawful employment

(a) If such be an institution supported wholly or in part by state funds, not receive any state moneys for any purpose whatsoever.

(b) If such institution be a private, charitable and/or denominational college or university whose property, or any part thereof, is exempt from taxation, immediately forfeit all right to such tax exemption.

**History:** 1935, Act 23, Imd. Eff. Apr. 19, 1935;—Am. 1939, Act 55, Eff. Sept. 29, 1939;—CL 1948, 388.402.

# ADJUNCT INSTRUCTOR
## MANUAL

JACKSON COLLEGE
2111 Emmons Road, Jackson MI 49201

Exhibit 3-2

# Table of Contents

Employment Status                                          2

Limits on Adjunct Instructor Hours                          2

E-Mail Communication                                       3

Office Hours/Contact Information                            3

Professional Development & Resources                        3

Adjunct Certification Process                               3

Tuition Grants                                             3

Evaluation                                                4

Compensation                                              5

Appendix A – Adjunct Instructor Pay Rates                    7

## Employment Status

Jackson College utilizes the services of a third party provider for the majority of the adjunct instructors. Therefore, although you are teaching at Jackson College you are employed by a third party, EDUStaff, LLC.

Active retirees of the Michigan Public School Retirement System (MPSERS) may be employed directly by the college if the terms of their retirement prohibit employment by a third-party providing a core service to a participating MPSERS reporting unit.

In addition some adjunct instructors who were teaching for Jackson College when the transition to EDUStaff occurred (Fall of 2014) were retained on the College's payroll in order for them to vest in the MPSERS system and/or reach retirement age. These special circumstances have been communicated, in writing, to each eligible adjunct.

## Limits on Adjunct Instructor Hours

The college limits assignments of adjuncts to teaching assignments to no more than nine (9) contact hour per semester. For adjunct faculty who are assigned to only non-classroom work, the limit is a maximum of 25 clock hours per week. For adjunct faculty who are assigned to both classroom and non-classroom responsibilities the limits are prorated (see chart below).

| Classroom Contact Hours | Non-Classroom Clock Hours |
|---|---|
| 0 | 25 |
| 1 | 22 |
| 2 | 19 |
| 3 | 16 |
| 4 | 13 |
| 5 | 10 |
| 6 | 7 |
| 7 | 4 |
| 8 | 1 |
| 9 | 0 |

2

**M** Gmail                          Exhibit 4

---

## ACC 232 PP1 not approved for the winter semester

Long Suzanne K <LongSuzanneK@jccmi.edu>                    Fri, Jan 11, 2019 at 2:48 PM
To: Richard Robinson <Rickrob1212@gmail.com>
Cc: Baskin Dennis M <BaskinDennisM@jccmi.edu>

Hi Richard,

You are not approved to teach ACC 232-PP1.  This would have been 4 classes for you.  You
are and remain approved for the other 3 classes.

Dennis and I met this afternoon.  Due to federal law and related college policy, the semester
limit for adjuncts is 9 credit hours.  Permission can be granted to exceed 9 credit hours at the
recommendation of the program coordinator and final approval of the supervising dean.  We
have achieved this for you at 12 credit hours for the Winter 2019 semester.  Teaching 4
accounting classes puts you at 16 credit hours, which the college considers overtime, beyond
full time and not allowable.

Moving forward, let's plan on a maximum of 12 credit hours per semester or 3 accounting
courses.  As needed, Dennis will still need to approve each semester since that is still over the
original 9 hour limit.

I will also give you a call this weekend.

Talk to you soon,
Suzanne

Exhibit 6

2019 Winter

| ID | Last Name First Name | Skewed Description | Total Hours This Wk | Hours per week | Contract Amount | # of Days | Fee Pay 1 | 1/25/19 | 2/1/19 | 2/8/19 | 2/15/19 | 3/8/19 | 3/22/19 | 4/5/19 | 4/10/19 | 5/3/19 | 5/17/19 | Total Pay |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 672920 | Robinson Richard | ACC-231-PW1 | 0 | 0 | $ 210.00 | 9 | $ 23.33 | 23.33 | 23.33 | 23.33 | 23.33 | 23.33 | 23.33 | 23.33 | 23.33 | 23.33 | 23.36 | 210.00 |
| 672920 | Robinson Richard | ACC-231-PW1 | 60 | 3 | $ 2,760.00 | 9 | $ 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.64 | 2,760.64 |
| 672920 | Robinson Richard | ACC-232-FP1 | 0 | 0 | $ 420.00 | 9 | $ 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.64 | 420.00 |
| 672920 | Robinson Richard | ACC-232-FP1 | 60 | 3 | $ 2,760.00 | 9 | $ 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.64 | 2,760.64 |
| 672920 | Robinson Richard | ACC-216-PG1 | | | $ 420.00 | 9 | $ 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.64 | 420.64 |
| 672920 | Robinson Richard | ACC-216-PG1 | | | $ 2,760.00 | 9 | $ 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.64 | 2,760.64 |
| 672920 | Robinson Richard | ACC-232-PO2 | 0 | | $ 420.00 | 9 | $ 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 46.67 | 420.67 |
| 672920 | Robinson Richard | ACC-232-PO2 | 60 | | $ 2,760.00 | 9 | $ 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 306.67 | 2,760.67 |

# 2016-19 Agreement between Jackson College and the JCC Faculty Association (JCCFA)

## TABLE OF CONTENTS

ARTICLE I -- RECOGNITION ........................................................................................................... 3

ARTICLE II –RIGHTS OF THE COLLEGE BOARD AND COLLEGE PRESIDENT ................................. 3

ARTICLE III -- RIGHTS AND RESPONSIBILITIES OF THE INSTRUCTORS AND THE ASSOCIATION ................. 4

ARTICLE IV – PAYROLL DEDUCTIONS ............................................................................................ 7

ARTICLE V – CONDITIONS OF WORK............................................................................................. 8

ARTICLE VI – FACULTY INSTRUCTION LEVELS.............................................................................. 22

ARTICLE VII – DEPARTMENT CHAIRS .......................................................................................... 23

ARTICLE VIII – FACULTY BENEFITS .............................................................................................. 26

ARTICLE IX – GRIEVANCE PROCEDURE........................................................................................ 35

ARTICLE X – PROFESSIONAL GROWTH........................................................................................ 38

ARTICLE XI -- PROFESSIONAL BEHAVIOR AND IMPROVEMENT................................................... 41

ARTICLE XII – PROFESSIONAL COMPENSATION .......................................................................... 45

ARTICLE XIII –STAFF REDUCTION ............................................................................................... 54

ARTICLE XIV -- MISCELLANEOUS ................................................................................................ 57

ARTICLE XV -- NEGOTIATIONS .................................................................................................... 57

ARTICLE XVI – FACULTY RETRAINING ......................................................................................... 59

ARTICLE XVII – DURATION OF AGREEMENT................................................................................ 61

FACULTY SALARY SCHEDULE ...................................................................................................... 62

ANNUAL EMPLOYMENT CONTRACT ........................................................................................... 63

CONTINUING EMPLOYMENT CONTRACT .................................................................................... 64

FACULTY ASSIGNMENT .............................................................................................................. 65

FACULTY ASSIGNMENT - OVERLOAD.......................................................................................... 66

JACKSON COLLEGE CONSULTATION FORM ................................................................................. 67

CALENDAR 2017/2018................................................................................................................ 68

CALENDAR 2018/2019................................................................................................................ 69

CALENDAR 2019/2020................................................................................................................ 70

ANNUAL PROFESSIONAL RESPONSIBILITIES REPORT & PLAN TEMPLATE................................... 71

STIPENDS/SALARY ADJUSTMENTS/OVERLOAD RATES ................................................................ 76

FACULTY MANUAL ................................................................................................................... 77

DISTANCE LEARNING COURSE PRODUCTION AGREEMENT ................................................... 78

HLC GUIDELINES – DETERMINING QUALIFIED FACULTY ........................................................ 80

PERFORMANCE RECOGNITION CRITERIA ............................................................................... 83

Exhibit 7-3

## ARTICLE VIII – Faculty Benefits

A.  Insurance

    1.  Eligibility

        a.  All full-time instructors shall be eligible for the complete insurance coverage.

        b.  Coverage shall not apply to non-contract part-time professional personnel.

        c.  For the purpose of definition, an instructor shall be on at least 75% pay according to the faculty salary schedule in Appendix A and load assignment to be regarded as full-time.

        d.  Temporary instructors who are employed for a full teaching load for a minimum of twelve (12) weeks shall have the option of inclusion in the group Health Care Plan portion of the program. The Health Care Plan Opt-Out option is not available under this section.

    2.  Notice of Open Enrollment
    The College will provide association members with notice of any enrollment period for insurance coverage thirty (30) day in advance of said period.

    3.  Medical Insurance Programs

        a.  Employee Contribution

            The College will contribute no more than the amounts permitted by PA 152 of 2011, as adjusted by the Michigan Department of Treasury.  Any amount in excess of the amounts permitted by PA 152 of 2011 shall be the responsibility of the employee.

        b.  Health Care Plan
            All eligible employees who elect health care coverage will be eligible to enroll in either MESSA Choices II or MESSA ABC Plan 1, pursuant to PAK A coverage.  The College will use its best efforts to join the Jackson County Health Consortium for purposes of obtaining said coverage.  Information on these plans can be obtained through MESSA and the Human Resources office.

        c.  Wellness
            Employees that take the College's offered medical insurance shall enroll in a College-offered wellness program.  The College will pay for services provided by a Health Management Program as part of the wellness program.  Wellness plan requirements include: completion of a health risk appraisal, biometric screening and three (3) health coaching sessions.  However, if an employee opts out of the wellness program, the employee will be charged $40.00 per month.   The College and the Association will mutually agree on the wellness program/provider.

        d.  Plan Descriptions
            Descriptions and information concerning the health care plans are available in the Human Resources Department. Employees will be provided proof of insurance and literature describing the plans.

## ARTICLE XVII – Duration of Agreement

This Agreement shall be effective as of September 1, 2016 and shall continue in effect until August 31, 2019.  This Agreement shall not be extended orally, and it is expressly understood that it shall expire on the date indicated.

BOARD OF TRUSTEES                                     ASSOCIATION

By _____                     By _____
Vice Chairman, Board of Trustees                   Association President

By _____                     By _____
Secretary, Board of Trustees                          Association Vice-President

By _____                     By _____
Chief Negotiator                                            Chief Negotiator

By _____
Vice-President

Date of Signing –  _12 - 12 - 16_____

61

## APPENDIX A

### Initial Faculty "Base Salary" Schedule

|  | Class I | Class II | Class III | Class IV |
|---|---|---|---|---|
| Level 1 | $56,220 | $62,036 | $65,913 | $69,790 |
| Level 2 | $59,128 | $65,428 | $69,790 | $74,152 |
| Level 3 | $62,036 | $68,821 | $73,668 | $78,514 |

### Maximum Faculty "Base Salary"

| Class I | Class II | Class III | Class IV |
|---|---|---|---|
| $71,729 | $79,968 | $86,269 | $92,589 |

Correct amount $92,569
See letter of agreement on page 97.

The Maximum Faculty Base Salary set forth in each classification above shall increase by 2.0% in the 2018-2019 contract year.

### Contributory Retirement

In addition to salary compensation of faculty Jackson College will also participate in the Retirement Program for Michigan Public School Employees (MPSERS) and the optional retirement program (ORP) as established by the Michigan Legislature.